IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY HOONG,

    Petitioner,               No. 2:10-cv-1247 JFM (HC)

    vs.

RAUL LOPEZ, Warden,

    Respondent.           <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Petitioner filed a request for stay and abeyance pending exhaustion of state court remedies. The petition pending before this court states eight claims for relief. Of those eight, five are unexhausted, three of which, petitioner asserts, are based on legal developments that occurred after his petition was filed and two of which are based on ineffective assistance of appellate counsel.

        Respondent filed a conditional statement of non-opposition. Respondent argues that good cause does not exist to stay this matter. Alternatively, respondent conditionally agrees to a stay in which the court dismisses the unexhausted claims, holds in abeyance the petition with the exhausted claims, and allows petitioner an opportunity to amend his petition following

1

exhaustion of his now-unexhausted claims.  See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Respondent argues that if petitioner does not agree to this suggestion, then respondent should be allowed an opportunity to formally object to petitioner's request.  Petitioner filed a reply opposing respondent's suggested approach as this may prejudice him.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

As an initial matter, the court denies respondent's request to file an additional objection as he has already had an opportunity to file one.  After reviewing the record the court finds that petitioner has failed to exhaust state court remedies as to some of his claims.  See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  The claims have not been presented to the California Supreme Court, nor is there any allegation that state court remedies are no longer available to petitioner.  In fact, petitioner seeks a stay of these proceedings while the unexhausted claims are currently pending in that court.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's request to stay this action is granted;

2. This action is stayed pending disposition of the writ of habeas corpus in state court;

3. Petitioner shall file a request to lift the stay within thirty days from the date he is notified of disposition of his state habeas corpus petition; and

/////

/////

4. The Clerk of the Court is directed to administratively close this action.

DATED: April 21, 2011.

                                          UNITED STATES MAGISTRATE JUDGE

/014.hoon1247.stay

3